MARY FRANE, AS ADMINISTRATRIX, ETC., OF ELIZABETH ROCKETT, DECEASED, RESPONDENT, *v.* HENRY K. VANTINE AND JOSHUA BEEMAN, AS EXECUTORS, ETC., OF SAMUEL BEEMAN, DECEASED, APPELLANTS.

*Reference of claim against estate — judgment on referee's report — not appealable if the report be by consent confirmed by the court.*

A claim against the defendants' testator having been referred, in pursuance of the statute, the report of the referee in favor of the plaintiff was, with the consent of defendants' attorney, confirmed, and judgment was entered thereon. Upon an appeal by the defendants, *held,* that as the confirmation of the report was not opposed, and as no motion was made at Special Term to set aside the report, or for a new trial, the judgment was not appealable.

APPEAL from a judgment in favor of the plaintiff, entered upon an order confirming the report of a referee.

*G. W. Cothrane,* for the appellants.

*C. F. Tabor,* for the respondent. The defendants should have appeared and resisted the confirmation of the referee's report at Special Term. They cannot consent to the confirmation and then appeal to the General Term in the first instance. (*Boyd* v. *Bigelow,* 14 How., 511; *Fluke* v. *Van Wagner,* 54 N. Y. R., 28; *Radley* v. *Fisher,* 24 How., 405; *Smith* v. *Velie,* 60 N. Y. R., 119; *Van Sickler* v. *Graham,* 7 How., 208; *Summerville* v. *Crook,* 9 Hun, 666.)

TALCOTT, J. :

This was a claim in behalf of the administratrix of Elizabeth Rocket against the defendants, as executors of Samuel Beeman, deceased.

The claim having been presented to the defendants as such executors was disallowed, and with the consent of the surrogate, under the statute in such case provided, was referred to a referee, who decided that there was due and owing to the plaintiff, as the administratrix of the said Elizabeth Rockett, the sum of $194.63,

with interest from December 30, 1873, and that the plaintiff was entitled to judgment therefor.

At a Special Term held in Erie county on the 7th day of August, 1878, the plaintiff moved that the said report be confirmed, and for judgment on the same.

It appears by the order granting the said motion that the attorney for the defendant appeared on the said motion and consented that the same should be granted, and thereupon the said report having been, by consent, confirmed, the plaintiff entered judgment thereon, and from the judgment thus entered the defendants bring this appeal.

This presents the precise question discussed in *Smith* v. *Velie* (60 N. Y., 106). The case fails to show that the appellants made any motion at the Special Term, upon a case or otherwise, to set the report aside, or for a new trial, or any opposition to the confirmation of the report of the referee ; but, on the contrary, shows that the order confirming the report, and for judgment thereupon, was entered by the consent of the appellants.

But, unlike the case of *Smith* v. *Velie, supra*, the respondent does take the objection here that the case was not presented to and passed upon by the Special Term, and that there was no objection then made to the confirmation of the report. This objection is apparently fatal to any attempt by the General Term to review the decision of the referee. (See the case of *Smith* v. *Velie, supra*, and the case of *Somerville* v. *Crook*, 9 Hun, 664, and the cases there cited.)

The appeal should be dismissed, with costs to the respondent.

MULLIN, P. J., and SMITH, J., concurred.

Appeal dismissed, with costs to the respondent.